# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

DAVID W. NOBLE, JR.,
                              *Plaintiff-Appellant*,

v.

NATIONAL ASSOCIATION OF LETTER CARRIERS, AFL-CIO,
ALAMO BRANCH 421, AND BRANCH 9 NALC,
                              *Defendants-Appellees.*

On Appeal from the United States District Court for the
District of Columbia, Case No. 1:22-cv-01613-DLF

## MOTION FOR INVITATION TO FILE BRIEF OF *AMICI CURIAE* AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS AND LABORERS' INTERNATIONAL UNION OF NORTH AMERICA IN SUPPORT OF APPELLEES' PETITION FOR PANEL REHEARING OR REHEARING EN BANC

Matthew Ginsburg
**AFL-CIO**
815 Black Lives Matter Plaza NW
Washington, DC 20006
(202) 637-5397
mginsburg@aflcio.org

Leon Dayan
Jacob Karabell
Bruce R. Lerner
**BREDHOFF & KAISER, PLLC**
805 Fifteenth Street NW, Suite 1000
Washington, DC 20005
(202) 842-2600
ldayan@bredhoff.com
jkarabell@bredhoff.com
blerner@bredhoff.com

## INTRODUCTION

The American Federation of Labor and Congress of Industrial Organizations (AFL-CIO) and the Laborers' International Union of North America (LIUNA) (collectively Amici) respectfully move for an invitation from this Court, under Circuit Rule 35(f) and Federal Rule of Appellate Procedure 29(b)(2), to submit a brief as amici curiae in support of Appellees' petition for panel rehearing or rehearing en banc. *See*, *e.g.*, *End Citizens United PAC v. FEC*, No. 22-5277 (D.C. Cir. Mar. 11, 2024) (granting similar request for invitation to file amicus brief in support of en banc petition); *In re Search of Info. Stored at Twitter, Inc.*, No. 23-5044 (D.C. Cir. Oct. 6, 2023) (same).

Appellees have consented to this motion for invitation to file an amicus brief, but Appellant has not consented. The proposed brief complies with Federal Rule of Appellate Procedure 29(b), which contemplates the filing of amicus briefs in support of petitions for rehearing with leave and which limits such briefs to 2,600 words. This motion and brief are being timely filed within seven days of the petition.

I.  **Interest of the Amici Curiae**

The AFL-CIO is a federation of 60 national and international labor organizations with a total membership of over 12.5 million working men and women. LIUNA is an international union, with its headquarters in Washington,

D.C., consisting of 315 local unions representing roughly 500,000 members throughout the United States and Canada across multiple industries in the private sector, from construction to energy to manufacturing.

The vast majority of constituent unions within the AFL-CIO, including LIUNA, are required to administer their officer elections in accordance with Title IV of the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. §481 *et seq.* That includes compliance with the provision at issue in this case, §401(c) of the LMRDA, which, as relevant here, requires that unions "comply with all reasonable requests of any candidate to distribute by mail or otherwise at the candidate's expense campaign literature in aid of such person's candidacy." 29 U.S.C. §481(c).

Amici and their constituent unions have been running elections under the LMRDA for the statute's 65-year history on the understanding that §401(c)'s distribution requirement applies to candidate requests that unions use their distribution machinery, such as their mail, email, or other membership-contact lists to disseminate candidates' campaign literature at candidates' own expense. They have not understood §401(c) to apply to candidate requests, such as the one made by the Appellant in this case, that a union incorporate a candidate's campaign literature into the *union's own publications under the union's own masthead. See, e.g.*, *Camarata v. Teamsters*, 478 F. Supp. 321, 329-30 (D.D.C. 1979) (no §401(c)

3

violation where union denied candidate's request "seek[ing] access to the [union's magazine] to further his campaign for general president"), *aff'd without opinion*, 1981 WL 154071 (D.C. Cir. Jan. 23, 1981).

The panel majority opinion changes that. Under that opinion, unions presumptively would be required to open their own newspapers, magazines, websites, and other publications up to all candidate advertisements upon request. Majority at 10-11; Concurrence at 2. Absent rehearing, then, Amici and their constituent unions will be pressured to surrender their editorial control over their newspapers, magazines, websites, and other publications to all candidate requests going forward. Indeed, fear of the costs of litigation up to summary judgment or trial will cause all but the most well-resourced unions simply to cede editorial control of their own publications upon request.

As Amici show in their proposed brief, §401(c) does not require this unprecedented and extraordinary intrusion on unions' control of their own publications.

## II. Usefulness of Briefing of Amici Curiae in This Case

The proposed amicus brief will not repeat the arguments in the rehearing petition, which primarily argues that the majority opinion conflicts with the Supreme Court's compelled-speech precedents. Petition at 3-11. The proposed brief would, if accepted, make a unique contribution by explaining that the

majority's interpretation of §401(c) is grievously wrong as a matter of statutory construction. In particular, the proposed brief shows that the text, context, and legislative history of §401(c) all point to one conclusion: that §401(c) applies only to candidate requests that the union disseminate campaign literature through its distribution machinery, such as its mail or email lists; and that it does *not* apply to far more intrusive requests that the union incorporate candidates' campaign literature into the union's own publications bearing the union's imprimatur. And the brief also shows that, even if §401(c) were amenable to other interpretations, it should be construed in this way to avoid the serious constitutional questions that result from the majority's interpretation of the statute.

## CONCLUSION

For the foregoing reasons, AFL-CIO and LIUNA respectfully request that the Court invite them to file the accompanying brief as *amici curiae*.

DATED: June 28, 2024

Matthew Ginsburg
**AFL-CIO**
815 Black Lives Matter Plaza NW
Washington, DC 20006
(202) 637-5397
mginsburg@aflcio.org

*Counsel for Amicus AFL-CIO*

Respectfully submitted,

/s/ Leon Dayan
Leon Dayan
Jacob Karabell
Bruce R. Lerner
**BREDHOFF & KAISER, PLLC**
805 Fifteenth Street NW, Suite 1000
Washington, DC 20005
(202) 842-2600
ldayan@bredhoff.com
jkarabell@bredhoff.com
blerner@bredhoff.com

*Counsel for Amici AFL-CIO and LIUNA*

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2024, I electronically filed the foregoing motion with the Clerk of the Court of the U.S. Court of Appeals for the D.C. Circuit by using the Appellate CM/ECF system. All participants are registered CM/ECF users, and will be served by the Appellate CM/ECF system.

*/s/ Leon Dayan*
Leon Dayan
